## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:  :  Chapter 13
　　　　　　　　　　　　　　　　:
BRIAN S. GUENST　　　　　　　　:
BUFFY S. GUNEST　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　Debtor(s)　　　　　　:  Bankruptcy No.  23-10994djb

### ORDER

**AND NOW,** this _____ day of _____, 2025, upon consideration of the Motion to Sell Real Property filed by debtor, notice to all interested parties, the filing of any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is authorized to sell his/her real property located at 1159 Barn Lane, Quakertown, PA 18951 ("Property"), for the sale price of $355,000.00, pursuant to the terms of a certain real estate agreement of sale dated as of 10/7/2025, to the buyer(s) thereunder, Matthew Huber ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed substantially in the following manner:

| | | |
|---|---|---|
| 1. | Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters | $ $750.00 |
| 2. | Liens paid at closing- | $ $209,243.47 |
| 3. | Real estate taxes, sewer, trash and/or other such items | $ $3,550.00 |
| 4. | Property repairs, if any | $ |
| 5. | Real estate commission, at no greater than 6% | $ $17,750.00 |
| 6. | Attorneys' fees, if any | $ |
| 7. | Other | $ |
| | **Estimated total costs:** | $ $231,283.47 |

**Estimated net proceeds**                                                $ $123,716.57

This Order is contingent upon any mortgage lien(s) being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; and Debtors shall have ninety (90) days from entry of this Order to sell the Property.

Upon receipt of payment, any creditor(s), paid at closing, shall either (1) withdraw, (2) amend or (3) file a Praecipe to mark the proof of claim as satisfied.

After paying all liens in full and costs of sale, the title clerk shall pay the Debtors the Debtors' bankruptcy exemption of **$55,800.00.**

The title clerk shall pay sale proceeds, in excess of the Debtors' exemption directly to the Chapter 13 standing Trustee, Kenneth West. Trustees are able to adjust distribution to unsecured creditors pursuant to this Order.

Debtors shall be entitled to discharge earlier than the proposed 5 year plan, upon completion of the sale and the proceeds distributed to the trustee and dispersed to their creditors as required.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to **settlementsheet@ph13trustee.com** immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall then fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier. Please also send settlement sheet to the trustee by Fax: 215-627-6299

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

**ORDERED** that this Order shall constitute an order permitting the Debtor to make disbursements at or immediately after as provided hereinabove.

**BY THE COURT**

_____
**HON. DEREK J. BAKER**
**BANKRUPTCY JUDGE**
