## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| BRIAN S. GUENST | : | |
| BUFFY S. GUNEST | : | |
| | : | |
| Debtor(s) | : | Bankruptcy No.  23-10994djb |

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Motion to Sell Real Property filed by debtor, notice to all interested parties, the filing of any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED**, that debtor is authorized to sell his/her real property located at 1159 Barn Lane, Quakertown, PA 18951 ("Property"), for the sale price of $355,000.00, pursuant to the terms of a certain real estate agreement of sale dated as of 10/7/2025, to the buyer(s) thereunder, Matthew Huber ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed substantially in the following manner:

| | | |
|---|---|---|
| 1. | Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters | $ $750.00 |
| 2. | Liens paid at closing- | $ $209,243.47 |
| 3. | Real estate taxes, sewer, trash and/or other such items | $ $3,550.00 |
| 4. | Property repairs, if any | $ |
| 5. | Real estate commission, at no greater than 6% | $ $17,750.00 |
| 6. | Attorneys' fees, if any | $ |
| 7. | Other | $ |
| | **Estimated total costs:** | $ $231,283.47 |

**Estimated net proceeds**           <u>**$123,716.57**</u>

This Order is contingent upon any mortgage lien(s) being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; and Debtors shall have ninety (90) days from entry of this Order to sell the Property.

Upon receipt of payment, any creditor(s), paid at closing, shall either (1) withdraw, (2) amend or (3) file a Praecipe to mark the prof of claim as satisfied.

After paying all liens in full and all costs of sale, the title clerk shall pay the Debtors their exemption in the amount of $55,800.00. The remainder of the sales proceeds (approximately $67,916.57 shall be paid to Kenneth E. west, Chapter 13 Standing Trustee for the benefit of the remaining creditors, who will receive a greater distribution than was anticipated under the confirmed plan.

The Standing Chapter 13 Trustee, Kenneth West, is authorized to adjust the percentage to unsecured creditors based on the funds received in accordance with 11 USC §1329, make final disbursements to creditors and process the case for discharge.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to 215-627-6299 and settlementsheet@ph13trustee.com immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall then fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

**ORDERED** that this Order shall constitute an order permitting the Debtor to make disbursements at or immediately after as provided hereinabove.

BY THE COURT:

_____
**DEREK J. BAKER**
**U.S. BANKRUTPCY JUDGE**

**Date: November 6, 2025**